IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERTO ANTONIO FERNANDEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-08-331 |
| | § | |
| NATHANIEL QUARTERMAN, TEXAS | § | |
| DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS  DIVISION, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING
## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Before the Magistrate Judge in this proceeding brought pursuant to 28 U.S.C. § 2254 is Respondent's Motion for Summary Judgment (Document No. 6) against Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1).   Having considered the motion, the absence of a response in opposition, the claims raised by Petitioner in his § 2254 Application (Document No. 1), the summary judgment evidence, the state court proceedings, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion for Summary Judgment (Document No. 6) be GRANTED, that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) be DENIED, and that this case be DISMISSED WITH PREJUDICE.

## I.     Introduction and Procedural History

Roberto Antonio Fernandez ("Fernandez") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, as a result of a 2004 murder conviction in the

185th District Court of Harris County, Texas, Cause No. 934224.   Fernandez was charged by indictment with capital murder on February 26, 2003, pled not guilty, and proceeded to trial.   On February 11, 2004, a jury found Fernandez guilty of felony murder, and thereafter sentenced him to life imprisonment.   Fernandez' conviction was affirmed on appeal on August 30, 2005. *Fernandez v. State*, No. 14-04-00144-CR.   Fernandez' petition for discretionary review was refused on May 3, 2006.

Fernandez filed a state application for writ of habeas corpus on April 12, 2007.   On October 10, 2007, the application was denied without written order on the findings of the trial court without a hearing. *Ex parte Fernandez*, Application No. WR-68,297-01.   This § 2254 proceeding, filed by counsel for Fernandez on January 29, 2008, followed.   Respondent has filed a Motion for Summary Judgment (Document No. 6), to which no response in opposition has been filed.[1]   This § 2254 proceeding is ripe for ruling.

---

[1] Petitioner is represented by counsel in this § 2254 proceeding.   In an Order entered on February 20, 2008 (Document No. 2), Respondent was instructed to file a responsive pleading. In that same Order, Petitioner was instructed to file a response to any dispositive motion filed by Respondent within thirty days.   Petitioner was admonished in that Order that failure to file a response to a dispositive motion would result in this action being dismissed for failure to prosecute.   *See* Document No. 2 (" The petitioner is ORDERED to file a response to any dispositive motion filed by the respondent, within thirty (30) days.   The petitioner' s failure to file a response within thirty days shall result in dismissal of this action for want of prosecution under Rule 41(b), Fed. R. Civ. P.") (emphasis in original).   Respondent filed a Motion for Summary Judgment on May 27, 2008 (Document No. 6).   To this date, Petitioner has not filed a response to Respondent' s Motion for Summary Judgment.   Petitioner' s failure to file a response, as required by the Order entered on February 20, 2008, independently  justifies the dismissal of this action under FED. R. CIV. P. 41(b).   *See Martinez v. Johnson*, 104 F.3d 769, 772-773 (5th Cir.), *cert. denied*, 522 U.S. 875 (1997).

2

II.     **Claims**

Fernandez raises three claims in his § 2254 application:

1.      that he was denied meaningful review of his state application for writ of habeas corpus;

2.      that he was denied a fair trial under the Fifth, Sixth and Fourteenth Amendments when the trial court refused to instruct the jury on the lesser included offense of manslaughter; and

3.      that his trial counsel was ineffective for: (a) failing to conduct an adequate pretrial investigation; (b) failing to conduct an adequate voir dire; and (c) advising him not to testify at trial.

Respondent argues in the Motion for Summary Judgment that claims 1, 2, and 3(a) are unexhausted and procedurally barred from review.[2]  As for the remaining claims, Respondent argues that no relief is available on those claims under § 2254(d) because the Texas Court of Criminal Appeals' adjudication of the claims was not contrary to or an unreasonable application of clearly established Federal law as established by the Supreme Court of the United States nor was it based on unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

III.    **Standard of Review**

A.      **Exhaustion and Procedural Bars**

Federal habeas corpus petitioners are required to exhaust their available state law remedies.

*Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).  In order to exhaust state law remedies, Texas

---

[2] Respondent identifies slightly different claims in the Motion for Summary Judgment, including a claim that counsel was ineffective for failing to advise him *about* his right to testify. A fair reading of Fernandez' s claim, however, is that counsel was ineffective for advising him *not* to testify.

prisoners must fairly present their claims to the highest state court, the Texas Court of Criminal Appeals, TEX. CODE CRIM. PROC. ANN. art. 44.45, through a petition for discretionary review and/or a state application for writ of habeas corpus. TEX. R. APP. P. 68; TEX. CODE CRIM. PROC. ANN. art. 11.07, et seq. "'It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.'" *Ex Parte Wilder*, 274 F.3d 255, 259-260 (5th Cir. 2001) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Rather, the petitioner must have presented the highest state court with the same claim, the same factual basis for the claim, and the same legal theory in order to meet the exhaustion requirement. *Id.* "[F]leeting reference to the federal constitution," especially when such reference is not accompanied by any federal case law authority, generally does not suffice to "alert and afford a state court the opportunity to address an alleged violation of federal rights," and that "vague references to such expansive concepts as due process and fair trial" in a state court proceeding will not satisfy the exhaustion requirement. *Id.* at 260.

When unexhausted claims are contained in a § 2254 application, and when such claims, if the petitioner tried to exhaust them in state court, "would be barred by the abuse-of-the-writ doctrine of Article 11.071 of the Texas Code of Criminal Procedure," the claims should be dismissed with prejudice as procedurally barred. *Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999); *see also Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) ("A procedural default also occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'"), *cert. denied*, 523 U.S. 1139 (1998). Only when the petitioner makes a colorable showing that his unexhausted claims would be considered on the merits by the state courts

if he attempted to exhaust them, should the claims be dismissed without prejudice. *Horsley,* 197 F.3d at 136-137.

### B.    Merits Review under § 2254(d)

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a claim presented in a federal habeas corpus proceeding has already been adjudicated on the merits in a state proceeding, federal review is limited.  28 U.S.C. § 2254(d) provides:

> (d)  An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by [the Supreme] Court 'refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision.'" *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

"[A] decision by a state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams*, 529 U.S. at 405-406).  A state court decision involves an "unreasonable application of" clearly established federal law "if the state court identifies the correct

governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  But "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.  Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'" *Price*, 538 U.S. at 641 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)).

As for factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d)(2) (2000).  In addition, the state court's factual determinations carry a presumption of correctness; to rebut them, the petitioner must present clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1) (2000).  *Smith v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002), *cert. dism'd*, 541 U.S. 913 (2004).

Under § 2254(d), once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding.  Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Woodford*, 537 U.S. at 27 ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments and authorizes federal-court intervention only when a state-court decision is objectively unreasonable.").  Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is

6

not determinative.  In addition, the correctness of the state court's decision is not determinative.  As instructed by the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), "[i]n order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. . . . The state court's application must have been 'objectively unreasonable.'" (citations omitted).  Moreover, it is the state court's ultimate decision that is to be reviewed for reasonableness, not its reasoning.  *Neal v. Puckett*, 286 F.3d 230, 244-46 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Pondexter v. Dretke*, 346 F.3d 142, 148-9 (5th Cir. 2003), *cert. denied*, 541 U.S. 1045 (2004).

IV.   **Discussion**

    A.   **Adequacy of State Habeas Proceedings Claim**

In his first claim, Fernandez complains that he was not afforded meaningful review of his claims in his state habeas proceeding.  According to Fernandez:

> [t]he trial court failed to conduct an evidentiary hearing on the original application for writ of habeas corpus by applying incorrect legal standards, by resolving disputed by uncontroverted facts in favor of the State without giving Mr. Fernandez an opportunity to present evidence; by failing to read and consider the entire record; by failing to provide a copy of the evidence considered by the Court; and, in the absence of Mr. Fernandez' presence or through counsel or other reasonable person, assistant, or representative to appear for or in behalf of Mr. Fernandez, since he was imprisoned, involuntarily removed and denied access to the court, by acting upon the ex parte pleadings and proposed findings prepared by the State of Texas without according Mr. Fernandez the opportunity to appear in a meaningful manner and at a meaningful time or providing Mr. Fernandez with prior notice that the trial court intended to adopt the government's proposed findings and conclusions, hence, Mr. Fernandez was denied any, much less a full and fair, adversarial testing of the State's case contrary to the Fifth, Sixth, Eighth, Tenth and Fourteenth Amendments to the United States Constitution.

§ 2254 Application (Document No. 1) at 3-4.

Respondent argues in the Motion for Summary Judgment that this claim is unexhausted and procedurally barred from review. In addition, and in the alternative, Respondent maintains that no relief on this claim is available in any event because "infirmities in state habeas corpus proceedings do not state a claim for federal habeas corpus relief." Respondent's Motion for Summary Judgment (Document No. 6) at 15.

As argued by Respondent, Fernandez has not presented his complaints about the state habeas corpus proceedings to the state courts, and therefore the claims are unexhausted. It cannot be said, however, that the claims are procedurally barred from review herein upon application of Texas' abuse of the writ doctrine. Fernandez' complaints about the state habeas proceedings themselves, could, conceivably, be raised by Fernandez in a second or subsequent state application for writ of habeas corpus, and considered by the Texas courts on the merits. Texas' abuse of the writ doctrine, codified in section 11.071 of the Texas Code of Criminal Procedure, provides:

> (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

Here, because Fernandez' complaints about the state habeas proceeding did not exist at the time he filed his state application for writ of habeas corpus, the claims may not be subject to Texas' abuse of the writ doctrine. As such, while Fernandez' claims regarding the adequacy of the state habeas

proceedings are unexhausted, it cannot be said that they are procedurally barred from review in this proceeding.

Upon such review, which is provided for in § 2254(b)(2) ("An application for writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."), the undersigned concurs with Respondent that no relief is available to Fernandez on such claims.   "'[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court.'"  *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001), *cert. denied*, 534 U.S. 1001 (2001).  Because Fernandez' complaints do not give rise to a claim for which any relief is available in this federal habeas corpus proceeding, this claim is subject to dismissal.

### B.    Lesser Included Offense Instruction Claim

In his second claim, Fernandez complains that he was denied his right to a fair trial when the state trial court refused to instruct the jury on the lesser included offense of manslaughter.  According to Fernandez, the evidence adduced at trial supported such an instruction.

Fernandez raised this claim in his direct appeal and in his state application for writ of habeas corpus.[3]  In rejecting the claim on direct appeal, the Texas Court of Appeals wrote:

> On December 21, 2002, [Fernandez] and Omar Ramirez robbed a convenience store at gunpoint.  The store was owned and operated by Vien Ma.  During the robbery, Ma confronted [Fernandez].  [Fernandez] struck Ma with a pistol and shot

---

[3] Respondent argues in the Motion for Summary Judgment that the complaint Fernandez raises herein about the absence of a lesser included offense instruction on manslaughter is not the same complaint he raised with the state courts, and therefore the claim raised in this proceeding is unexhausted and procedurally barred from review.  Having reviewed the state court records, and despite some variance in the arguments presented, the undersigned concludes that the claim Fernandez raises herein about the absence of a lesser included offense instruction on manslaughter was fairly presented to, and rejected by, the Texas Court of Criminal Appeals when it refused Fernandez' petition for discretionary review.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground").

him in the abdomen causing his death. [Fernandez] and Ramirez fled the store but were shortly apprehended by police. The store's surveillance videotape depicting the entire robbery was admitted into evidence at trial.

* * *

In his second issue, [Fernandez] contends that the trial court erred by failing to submit a jury instruction on the lesser included offense of manslaughter. The jury charge in this case included instructions on the lesser included offenses of murder, felony murder, and aggravated robbery. However, the trial court denied [Fernandez'] request to include an instruction on manslaughter.

A two-pronged test applies to determine whether a defendant is entitled to a lesser included offense instruction: (1) the lesser included offense must be included within the proof necessary to establish the offense charged; and (2) some evidence must exist in the record that would permit a jury to rationally find that if the defendant is guilty, he is guilty only of the lesser included offense. *Westbrook v. State*, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000); *Rousseau v. State*, 885 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). To determine whether the record supports a charge on the lesser included offense, we must review all of the evidence presented at trial. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). The credibility of the evidence and whether it conflicts with other evidence or is controverted is not to be considered in determining whether an instruction on a lesser included offense was required. *Banda v. State*, 890 S.W.2d 42, 60 (Tex. Crim. App. 1994).

Manslaughter is a lesser included offense of capital murder. *Mathis v. State*, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002). Therefore, the first prong of the test is satisfied. We next determine whether the record contains evidence that [Fernandez] is guilty only of manslaughter.

A person commits manslaughter if he recklessly causes the death of an individual. Tex. Pen. Code Ann. § 19.04 (Vernon 2003). A person acts recklessly when he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur. Tex. Pen. Code Ann. § 6.03 (Vernon 2003). [Fernandez] contends that some evidence in the record shows the shooting was reckless, rather than intentional, and therefore, [Fernandez] was entitled to an instruction on manslaughter.

However, even if [Fernandez'] actions might be classified as reckless, the fact that the homicide was committed in the course of a robbery precludes a rational jury from finding [Fernandez] guilty only of manslaughter. *Gadsden v. State*, 915 S.W.2d 620, 623 (Tex. App.–El Paso 1996, no pet.). A homicide committed in the course of robbery does not comprise the offense of manslaughter; rather it constitutes at the very least, the offense of felony murder as defined by Texas Penal Code Section

19.02(b)(3).  *Id.*  A person commits the offense of felony murder if in the course and furtherance of committing a felony, the person commits an act clearly dangerous to human life that causes the death of an individual. Tex. Pen. Code Ann. § 19.02(b)(3) (Vernon 2003).  The evidence shows that [Fernandez] committed the underlying robbery and that in the course and furtherance of the robbery he committed an act clearly dangerous to human life.  Therefore, whether [Fernandez] recklessly, rather than intentionally, caused Ma's death at most raises the issue of felony murder.  *See Ross v. State*, 861 S.W.2d 870, 876 (Tex. Crim. App. 1993) (op. on reh'g); *Gadsden*, 915 S.W.2d at 623.

Under the facts of this case, a jury could not rationally find [Fernandez] guilty only of manslaughter.  Consequently, the trial court did not err in refusing to instruct the jury on the lesser included offense of manslaughter.  Accordingly, we overrule [Fernandez'] second issue.

*Fernandez v. State*, No. 14-04-00144-CR , at 1-2, 3-5.

Notwithstanding this well-reasoned resolution of Fernandez' claim by the Texas Court of Appeals, no relief is available to Fernandez on this claim because Fernandez had no due process right to a lesser included offense instruction.  *See Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998) (holding "that a case in which the death penalty is sought but not imposed ultimately is classified as a noncapital case. . . . 'In a non-capital murder case, the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue.'"); *see also Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988) ("In a non-capital murder case, the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue.").  Because Fernandez does not allege a violation of his federal constitutional rights with his complaint about the state trial court's failure to include a lesser included offense instruction, no relief is available to Fernandez on this claim in this § 2254 proceeding.[4]

---

[4] " A state prisoner seeking federal review of his conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right." *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994).  Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir.), *cert. denied*, 510 U.S. 1025 (1993).  The Fifth Circuit has also made

### C.    Ineffective Assistance of Counsel Claims

In his final claim, Fernandez complains that his trial counsel, R.P. Cornelius, failed to conduct an adequate pretrial investigation, failed to conduct an adequate voir dire, and was ineffective for advising him not to testify.  With respect to the pretrial investigation, Fernandez complains that "no experts were requested, no investigator was appointed, no request for either was made by appointed counsel, and none of the fundamental requisites of preparation for trial were diligently pursued." § 2254 Application (Document No. 1) at 17-18.  As for voir dire, Fernandez complains that counsel did not question prospective jurors about their ability to consider a full range of punishment on the lesser included offenses, and failed to have a biased juror, Joel Anthony Hegemeyer, excluded from the jury.

In the Motion for Summary Judgment, Respondent argues that Fernandez has not raised with the state courts the same type of complaint about counsel's pretrial investigation as is alleged herein.  According to Respondent, because the complaints about counsel's pretrial investigation in the state courts are wholly different from the complaints raised herein, Fernandez' ineffectiveness claim which is premised on counsel's inadequate pretrial investigation is unexhausted and procedurally barred from review.  As for the other two claims of ineffectiveness, Respondent maintains that the  state courts correctly decided those claims and that no relief is available to Fernandez under                    § 2254(d).

### A.    Pretrial Investigation

---

clear that " [f]ederal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982).  It is not a federal habeas court's function " to review a state's interpretation of its own law." *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995); *see also Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994) (a federal court does not " sit as a `super' state supreme court in a habeas corpus proceeding to review errors under state law").

The record clearly shows that Fernandez complained in the state court proceedings about counsel's failure to have certain nail scrapings tested in order to show that the complainant attacked him prior to the complainant's death. In this § 2254 proceeding, however, Fernandez' complaints about counsel's pretrial investigation are based on counsel's failure to hire or request the assistance of experts and investigators. At no time in the state court proceedings did Fernandez raise these complaints about counsel's pretrial investigation and preparation. Because the pretrial investigation claims Fernandez raises herein were not raised by Fernandez in the state courts, the claims are unexhausted. In addition, because Fernandez cannot exhaust those claims with the state courts given Texas' abuse of the writ doctrine, the ineffectiveness claim Fernandez raised herein which is premised on counsel's inadequate pretrial investigation/preparation is unexhausted and procedurally barred from review.[5]

**B.      Voir Dire**

In his second ineffectiveness claim, Fernandez faults counsel for not questioning the venire panel about their ability to consider a full range of sentencing on the lesser included offenses. In addition, Fernandez complains that counsel failed to exclude Joel Anthony Hegemeyer from the jury despite Hegemeyer having admitted his bias in favor of a guilty verdict.

This same ineffectiveness claim was raised by Fernandez in his state application for writ of habeas corpus, and rejected by the Texas Court of Criminal Appeals on the merits. In so doing, the Texas Court of Criminal Appeals relied on the affidavit(s) of Fernandez' trial counsel, R.P. Cornelius, in which he stated:

---

[5] There has been no showing by Fernandez of cause and prejudice associated with his failure to raise this ineffectiveness claim with the state courts in his state application for writ of habeas corpus, and no showing that a fundamental miscarriage of justice will result if the claim is not considered herein on the merits. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Of course my primary goal in any capital murder case is to prevent a death sentence. Virtually all of the emphasis was related to: (1) a fair trial on guilt, and specifically whether a potential juror could consider lessor [sic] included offenses; and (2) which is even more important and the reason we are allowed individual voir dire, is to inquire about a potential juror's feelings on capital punishment. These matters consumed the entire time permitted by the Court and in my opinion [were] the most important subjects of inquiry.

\* \* \*

I have no recollection of this juror [Joel Anthony Hegemeyer], or of his voir dire examination, or of mine and co-counsel Allen Isbell's thought processes in exercising a strike or not on this juror.

*Ex Parte Fernandez*, WR-68,297-01, at 51.

. . . I have been requested by the State to read the voir dire examination of juror JOEL ANTHONY HEGEMEYER, which I have done, to see if it refreshes my memory or allows me to comment further on Mr. Fernandez's allegations of ineffective assistance of counsel. I still do not remember a single word of the examination or my thoughts concerning this juror's participation in the case, however upon reading his testimony several things impressed me, and I have included as an attachment to this affidavit a copy of his testimony with highlighted sections.

1. When given a clear explanation of the difference between capital murder and felony murder (R.76: 4-17) the juror responded that he understood the difference between the two. (R.76:18).

2. When asked directly if he would always convict of capital murder if someone got killed in a robbery attempt where the robber went in with a loaded gun (R.76:19-77:3) he responded, "No. There's a difference." (R.77:4).

3. And further still, he stated, "If he went in, let's say he got bumped and the gun accidentally discharged, he's guilty of murder but not with intent." (R.78:2-4).

4. From my reading of his testimony it appears the juror not only clearly understood the law but that he was prepared to follow it.

5. Without dwelling on the obvious, this is exactly what the verdict was in this case, a conviction for felony murder, a finding by this jury that the defendant did not commit an intentional killing.

> 6.  All things considered I do not know how we could have gotten a better juror, or jury for that matter.

*Ex Parte Fernandez*, WR-68,297-01, at 59-60.

Claims of ineffective assistance of trial counsel are generally measured by the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To be entitled to relief on an ineffective assistance of counsel claim, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had.  *Id*. at 687.  Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable.  *Id*. at 687-689.  The prejudice element requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  A petitioner has the burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief.  *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

Under *Strickland*, judicial scrutiny of counsel's performance is highly deferential and a strong presumption is made that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*), *cert. denied*, 509 U.S. 921 (1993).  In order to overcome the presumption of competency, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  Under the prejudice prong of *Strickland*, a petitioner must be able to establish that absent his counsel's deficient performance the result of his trial would have been different, "and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable." *Chavez*, 193 F.3d at 378.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment

of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel. The determination whether counsel has rendered reasonably effective assistance turns on the totality of facts in the entire record. Each case is judged in the light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defense. *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983), *cert. denied*, 467 U.S. 1220 (1984). The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct. *Strickland*, 466 U.S. at 690-691. Counsel will not be judged ineffective only by hindsight. "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 124 S.Ct. 1, 6 (2003).

The state courts rejected Fernandez' claim that counsel was ineffective at voir dire upon the following findings and conclusions:

> The Court finds, based on the credible affidavits of R.P. Cornelius, that R.P. Cornelius reasonably believed that it was more beneficial to voir dire on a fair trial on guilt including lesser-included offenses and feelings on capital punishment than the sentencing range. *See May 8, 2007 and August 3, 2007 Affidavits of R.P. Cornelius.*

> The Court finds, based on the credible affidavits of R.P. Cornelius, that juror Joel Hegemeyer clearly understood the law and was prepared to follow it. *See May 8, 2007 and August 3, 2007 Affidavits of R.P. Cornelius.*

> \* \* \*

> The applicant fails to show in all things that trial counsels' conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the *Strickland* standard in Texas); and *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (defining two-part *Strickland* standard).

*Ex Parte Fernandez*, WR-68,297-01 at 69-70.  The state courts' findings and conclusions are supported by the record, which shows that Fernandez was charged with capital murder, the offense having been captured on the video surveillance of the store he had attempted to rob.  Given the capital murder charge, as well as the evidence against Fernandez, it was not unreasonable for counsel to focus his voir dire questioning on the jurors' ability to consider, at the guilt-innocence stage, a verdict on a lesser included offense.   Moreover, the record shows that Mr. Hegemeyer did not express any bias in favor of the capital murder charge, and expressed his ability to follow the law, particularly with regard to the element of intent.  Because the state courts did not unreasonably apply *Strickland* in reaching the conclusion on either the deficiency or prejudice prongs, no relief is available on this ineffectiveness claim under § 2254(d).

### C.    Advice about Testifying

In his final ineffectiveness claim, Fernandez maintains that counsel was ineffective for advising him not to testify.  According to Fernandez, his testimony was essential to establishing the lesser included offense of manslaughter based on the complainant attacking him and the accidental discharge of the gun.

In responding to this ineffectiveness claim in the state habeas proceeding, counsel stated in his affidavit:

> My recollection is that I did recommend to defendant not to testify as I felt he could not help himself with the testimony he proposed[;] in fact it was mine and Mr. Isbell's belief that he would be convicted of capital murder if [he] testified to the story he proposed.  However, it was his decision and his alone and he chose to follow our advice.

*Ex parte Fernandez*, WR-68,297-01, at 51.  In rejecting this ineffectiveness claim in the state habeas proceeding, the state courts found, "based on the credible affidavits of R.P. Cornelius, that

[Fernandez] made the decision whether or not to testify following advice from counsel." *Id.* at 69. In addition, the state courts concluded that Fernandez had failed "to show that his trial counsel's advice regarding his decision whether or not to testify was unreasonable or that it harmed [Fernandez'] case." *Id.* at 70.  The state courts' findings are not based on an unreasonable determination of the facts, and the state courts' conclusions are not contrary to or an unreasonable application of *Strickland*.

The record shows that the case against Fernandez was based, in substantial part, on the surveillance tape at the store at the time of the offense.  That tape showed that the complainant did attack Fernandez, but that Fernandez not only shot the complainant, but first struck him with the weapon.  While Fernandez now believes that he could have testified and convinced the jury that the discharge of the firearm was accidental, Fernandez has not shown how he could have overcome the contents of the videotape.  Moreover, even if he could have convinced the jury that the firearm discharge was accidental and in response to the attack by the complainant, Fernandez could not, as found by the Texas Court of Appeals, overcome the felony murder charge given the undisputed fact that the complainant's death occurred during a robbery.  As such, the Texas courts' conclusion that counsel was not ineffective in this regard is not contrary to or an unreasonable application of *Strickland*, nor was it based on an unreasonable determination of the facts.  Consequently, under § 2254(d), no relief is available to Fernandez on this ineffectiveness claim.

## V.   Conclusion and Recommendation

Based on the foregoing and the conclusion that Fernandez is either entitled to no relief in this proceeding under § 2254(d) or his claims are unexhausted and procedurally barred from review, the

Magistrate Judge

RECOMMENDS that Respondent's Motion for Summary Judgment (Document No. 6) be GRANTED, that Petitioner's Federal Application for Writ of habeas Corpus (Document No. 1) be DENIED, and that this § 2254 proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 144-145 (1985); *Ware v. King*, 694 F.2d 89, 91 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 17th day of November, 2008.

Frances H. Stacy
United States Magistrate Judge

19